■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOYCE MITCHELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 8, 1978, convicting her of criminal possession of a controlled substance in the seventh degree, upon her plea of guilty, and imposing sentence. Judgment affirmed. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). The defendant contends that she should have been afforded a hearing on her motion to suppress the hashish seized from her luggage by a customs inspector at Kennedy Airport. She maintains, and the affidavit of an Assistant District Attorney suggests, that a search of the luggage was first conducted in London by British agents whose subsequent communications to American customs officials led to the search at Kennedy Airport. The defendant argues, *inter alia,* that if the search in England was conducted without probable cause and with the active participation of American agents, suppression of the evidence seized at Kennedy Airport would be required under the poisoned fruit doctrine. Even if the defendant's legal theory is correct, there is no evidence of American participation in any search conducted in Great Britain. Moreover, the defendant failed to assert her theory at Criminal Term. There, she claimed only that the airport search was illegal because it had been conducted without a warrant. No hearing was required upon the allegation that a search warrant should have been obtained. The agreed facts established a "border search" for which no probable cause or warrant is required (see *United States v Ramsey,* 431 US 606, 616-619). Moreover, we decline to consider the defendant's theory regarding the consequences of American complicity in the British search since it is raised for the first time on appeal and, in any event, no such complicity has been demonstrated or suggested by the evidence (see *People v Iucci,* 61 AD2d 1, 9). We have considered the remaining points raised by the defendant and find them to be without merit. Mollen, P. J., Titone, Mangano and Gibbons, JJ., concur.